**UNITED STATES of America, Plaintiff,**

**v.**

**Reatha Marlene FOWLER, Defendant.**

**No. C–85–9333 SAW.**

United States District Court,
N.D. California.

April 17, 1987.

Joseph P. Russoniello, U.S. Atty., Judith Whetstine, Chief, Civil Div., Ronald S. Peterson, Asst. U.S. Atty., San Francisco, Cal., for plaintiff.

Barbara A. Brenner, Donna J. Hitchens, Hitchens & Brenner, San Francisco, Cal., for defendant.

MEMORANDUM AND ORDER

WEIGEL, District Judge.

The parties' cross-motions for summary judgment came on for hearing April 16,

---

**7.** The Administrator is not required to continue programs with Spring Arbor College if such are no longer feasible.

1987. The Court has considered the briefs, arguments of counsel, and the entire record.

The United States argues that Fowler breached her service obligation under the scholarship contracts by failing to begin service on July 1, 1983. Fowler admits that she did not begin service. She argues that her duty to serve never arose because the government did not fulfill its obligation to assign her to a particular site or to provide her with an offer of employment. However, the record contains uncontradicted evidence that Fowler repudiated her obligation to serve prior to the time the placement process began. (Declaration of David W. Callagy in support of plaintiff's motion, exhibits P and S.)

Fowler also argues that she did not breach the contract because the government improperly failed to assign her to the geographical region of her choice. However, the government has complete discretion in making geographical assignments. *United States v. Brooks*, 643 F.Supp. 256, 259 (E.D.Mich.1986); (Callagy Declaration, exhibit C, p. 11, exhibit I, p. 13, exhibit F.) *See also* S.Rep. No. 1062, 92d Cong., 2d Sess., *reprinted in* 1972 U.S.Code Cong. & Ad.News 4832, 4841 (purpose of scholarship program is to procure sufficient medical personnel for underserved areas).

Fowler argues that the government violated its statutory obligation to approve her request to serve her obligation through the Private Practice Option ("PPO"). 42 U.S.C. § 254n. However, when Fowler made her PPO request, the government was not obligated to consider her request because she already had been in default. *United States v. Redovan*, 656 F.Supp. 121 (E.D.Pa.1986).

Fowler argues that the government violated her due process rights by failing to provide her with a hearing before placing her in default. However, Fowler's interest in a government benefit at the time of her breach was at most an expectancy interest. Therefore, due process does not require a hearing. *United States v. Swanson*, 618 F.Supp. 1231, 1244 (D.C.Mich.1985).

Fowler argues that the contractual terms governing the effect of default are ambiguous. This argument lacks merit. (Callagy Declaration, exhibit D, exhibit G.)

Finally, Fowler argues that the damages formula in 42 U.S.C. § 254*o*(b)(1), which governs the loans she received for the 1978–79 and 1979–80 academic years, is an unenforceable penalty. This Court finds that section 245*o*(b)(1) is an enforceable liquidated damages clause. *See Swanson*, 618 F.Supp. at 1243.

None of Fowlers arguments to avoid her service obligation have merit. Accordingly,

IT IS HEREBY ORDERED as follows:

(1) Plaintiff's motion for summary judgment is granted.

(2) Defendant's motion for summary judgment is denied.

(3) Defendant shall pay plaintiff $160,-547.52, plus additional interest accrued from March 6, 1987 to the date of judgment at (1) the annual rate of 15% on the PH/NHSC Scholarship Training Program debt of $42,100.53, and (2) the annual weighted average interest rate of 14.32% on the NHSC Scholarship Program debt of $118,446.99, and interest thereafter at 6.30% per annum.